IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| RICKEY WHITE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   Case No. CIV-13-318-RAW |
| | ) |
| KLAUS P. SCHUMANN, et al., | ) |
| | ) |
| | ) |
| Defendants. | ) |

## ORDER

Plaintiff, a prisoner appearing pro se, has filed a complaint (#2) and an application for leave to proceed without prepayment of fees (#3). The application was granted by order entered August 2, 2013 (#9), although plaintiff was directed to make monthly payments toward the full filing fee. Plaintiff seeks to bring a civil action against the Department of Veterans Affairs and various individuals pursuant to 42 U.S.C. §1983. He alleges that in his application for benefits, he was "deprived of his military rights of due process" in a fair disciplinary proceeding. He also appears to contend that the records of his court-martial are incorrect.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. §1915A(a). The court must dismiss a complaint if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or

that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. §1915A(b)(1),(2).

The court has concluded the complaint must be dismissed because this court lacks subject-matter jurisdiction.  *See* Rule 12(h)(3) F.R.Cv.P.  The process for adjudication of veterans' disability benefit claims begins when a claimant files a claim for benefits with a regional office of the VA.  A claimant may appeal the denial of a benefits claim or other adverse action to the Board of Veterans Appeals ("BVA").  38 U.S.C. §7104.  Those decisions are not subject to judicial review in district courts.  38 U.S.C. §511(a).  Instead, claimants may appeal BVA decisions only to the Court of Appeals for Veterans Claims.  38 U.S.C. §7252(a).  An aggrieved party may than seek review in the Court of Appeals for the Federal Circuit.  38 U.S.C. §7292(a).  The Federal Circuit has exclusive jurisdiction over such appeals.  38 U.S.C. §7292(c).  This court accordingly lacks jurisdiction to proceed.[*]

It is the order of the court that the complaint is hereby dismissed without prejudice for lack of subject-matter jurisdiction.  Plaintiff's motion for injunctive relief (#12) is deemed moot.

**ORDERED THIS 21st DAY OF AUGUST, 2013.**

_____
**RONALD A. WHITE
UNITED STATES DISTRICT JUDGE**

---

[*]This bar extends to constitutional claims.  *See Velayo v. V.A. Domiciliary Aftercare Program,* 36 Fed. Appx. 403, 404 (10th Cir.2002).  It includes purported claims under §1983.  *See Belton v. United States,* 437 Fed.Appx. 3 (D.C.Cir.2011).